UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY McCLELLAN,<br><br>    Petitioner,<br><br>  v.<br><br>BEN CURRY,<br><br>    Respondent.<br>_____/ | No. C 09-085 SI (pr)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Gregory McClellan, an inmate at the Correctional Training Facility in Soledad, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His in forma pauperis application also is before the court for consideration.

## BACKGROUND

McClellan's petition and memorandum of points and authorities in support thereof provide the following information: He was convicted of shoplifting, see Cal. Penal Code § 666 (petty theft with a prior theft-related conviction), and apparently received a sentence that included a parole term. His parole makes him subject to seventeen "special conditions of parole that have no nexus to his commitment offense of shoplifting." Memorandum of Points and Authorities In Support of Writ of Habeas Corpus ("Memo. of P&As"), p. 1. He particularly objects to Special Condition # 11, which precludes him from being in places where minors congregate. According to him, Special Condition # 11 states: "You may not enter onto the

premises, travel past, loiter, or frequent places where children congregate, i.e., parks, playgrounds, schools, video arcades, swimming pools, etc. without prior written P&CSD approval. This includes via any [mode] of transportation, i.e.: walking, bicycle, automobile, etc." Petition, p. 5. His petition does not allege that he has any prior convictions for misconduct with minors, although his allegations that he is being punished for prior convictions suggest that such a history may be the source of this condition. See Memo. of P&As, pp. 4, 5, 7.

McClellan apparently has been returned to prison twice for parole violations. First, his parole was revoked based on his attendance at a high school football game on November 3, 2006. He was arrested on November 9, 2006, had a parole revocation hearing on December 13, 2006, and was given a 12-month parole revocation term for the football game attendance. See Memo. of P&As, pp. 8-9; see also Petition, p. 5 ("first parole violation was for attending a high school football game to watch his son play"). Second, his parole was revoked for his use of a public restroom. Petition, p. 5. For that incident, he received an 11-month parole revocation term. Id. His petition suggests that the hearing on the second parole revocation charge occurred on September 4, 2008. See Memo. of P&As, p. 2.

The petition identifies the decision being challenged as the December 13, 2006 parole revocation, see Petition, p. 2, although the text of his petition and legal brief indicate disagreement with both parole revocations.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are

vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition has several problems that require an amended petition to be filed. First, it is not clear whether McClellan is challenging the December 2006 parole revocation decision, or the September 2008 parole revocation decision, or both. He cannot challenge multiple decisions in a single habeas action. His amended petition must identify the particular decision he is challenging and his claims must pertain to that decision.[1] The different decisions need to be challenged in separate habeas petitions because each has different procedural concerns, such as the statute of limitations and exhaustion requirements as well as limitations on second and successive petitions. Also, each might have different relief, if relief was granted.

Second, a challenge to the December 2006 parole revocation decision is probably moot if the 12-month sentence imposed for that violation has been fully served. Article III, § 2, of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, the plaintiff or petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). An incarcerated convict's (or a parolee's) challenge to the validity of his conviction satisfies the case-or-controversy requirement, because the incarceration or the restrictions imposed by the terms of the parole constitutes a concrete injury, caused by the conviction and redressable by the invalidation of the conviction. Spencer v. Kemna, 523 U.S. 1, 7 (1998). Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole--some "collateral consequence" of the conviction--must exist if the suit is to be maintained and not considered moot. Id. Courts may presume that a criminal conviction has continuing collateral consequences. See id. at 8-12   The presumption of

---

[1] If McClellan wants to challenge both the December 2006 decision and the September 2008 decision, he should challenge one in his amended petition, and file a new habeas action to challenge the other one – bearing in mind that it may be too late to challenge the December 2006 parole revocation decision due to mootness concerns discussed in the text.

1  collateral consequences that is applied to criminal convictions does not extend to parole
2  revocations. See id. at 13; Lane v. Williams, 455 U.S. 624, 632-33 (1982). A petitioner who
3  seeks to challenge the revocation of his parole must demonstrate that continuing collateral
4  consequences exist if the term imposed for violating parole has been served, see Cox v.
5  McCarthy, 829 F.2d 800, 803 (9th Cir. 1987) (claim moot because petitioner cannot be released
6  from term imposed for violating parole that he has already served). Here, if McClellan has fully
7  served the 12-month term for the December 2006 parole revocation, he needs to allege facts
8  showing why a challenge to that decision is not moot.

9        Third, McClellan is cautioned that every claim presented in his amended petition must
10 first be presented to the California Supreme Court to exhaust state court remedies. Prisoners in
11 state custody who wish to challenge collaterally in federal habeas proceedings either the fact or
12 length of their confinement are required first to exhaust state judicial remedies, either on direct
13 appeal or through collateral proceedings, by presenting the highest state court available with a
14 fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.
15 28 U.S.C. § 2254(b), (c).

16       Fourth, McClellan's memorandum of points and authorities argues that the Special
17 Conditions of his parole are not allowed under state law and cites several state court decisions
18 to support his point. Even if this argument is correct, it would not support relief in a federal
19 habeas action. The writ of habeas corpus is available under 28 U.S.C. § 2254(a) "only on the
20 basis of some transgression of federal law binding on the state courts." Middleton v. Cupp, 768
21 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)), cert. denied,
22 478 U.S. 1021 (1986). It is unavailable for violations of state law or for alleged error in the
23 interpretation or application of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Engle,
24 456 U.S. at 119. In short, arguments about violations or misapplication of state law are largely
25 beside the point, because this court does not have authority to grant habeas relief for state law
26 errors. In his amended petition, McClellan should eliminate his state law claims and confine his
27 allegations to claims of violations of the laws, treaties and constitution of the United States.
28

Fifth, two of the claims in the petition fail to identify the specific federal constitutional provision violated. "Ground two" and "ground four" of the petition state that the parole conditions are unconstitutional, see Petition, pp. 5-6, but neither identifies the particular amendment or clause in the U.S. Constitution violated by the parole conditions.

## CONCLUSION

For the foregoing reasons, the petition is dismissed with leave to amend. McClellan must file an amended petition no later than **July 24, 2009** that corrects the deficiencies identified in this order. Petitioner's request for extension of time to file his in forma pauperis application is GRANTED. (Docket # 8.) Petitioner's in forma pauperis application is GRANTED. (Docket #s 3, 7, 9, 10.)

IT IS SO ORDERED.

DATED: June 11, 2009

SUSAN ILLSTON
United States District Judge