| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | NORTHERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| GREGORY McCLELLAN, | No. C 09-085 SI (pr) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| BEN CURRY, | |
| Respondent. | |

## INTRODUCTION

Gregory McClellan, an inmate at the Correctional Training Facility in Soledad, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court reviewed his petition and dismissed it with leave to amend. His amended petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His motion for a stay also is before the court for consideration.

## BACKGROUND

McClellan provides the following information: He was convicted of shoplifting, see Cal. Penal Code § 666 (petty theft with a prior theft-related conviction), and apparently received a sentence that included a parole term. His parole makes him subject to seventeen special conditions of parole that he contends have no connection to his commitment offense of shoplifting. He particularly objects to Special Condition # 11, which precludes him from being in places where minors congregate. His parole was revoked based on his attendance at a high school football game on November 3, 2006. He was arrested on November 9, 2006, had a parole

revocation hearing on December 13, 2006, and was given a 12-month parole revocation term for the football game attendance.  The particular decision challenged in the amended petition is the December 13, 2006 parole revocation decision.  McClellan alleges that he filed unsuccessful habeas petitions in state court before filing this action.

## DISCUSSION

A.     Review of Amended Petition

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

McClellan alleges several claims in his amended petition.  First, he contends that parole officials have punished him in violation of his rights under the Double Jeopardy Clause and Ex Post Facto Clause of the U.S. Constitution. His argument is far from clear but appears to be that his shoplifting "offense does not carry these retroactive and unconstitutional restrictions," and the parole terms impermissibly increase his punishment for shoplifting. Amended Memo. of Points & Authorities, p. 2.

Second, he alleges that special parole condition number 11 is "vague and thus unconstitutional" under the First, Fifth and Fourteenth Amendments of the U.S. Constitution. Amended Petition, p. 4.  In the "supporting facts" for this claim, he states "[t]here are simply innumberable (sic) circumstances where petitioner could be in prohibited areas and be in technical violation of this special parole condition and not be engaged in any criminal activity."

Id.

Third, McClellan claims that the "Due Process and Equal Protection Clauses require that petitioner be granted an evidentiary hearing on this cause of action." Amended Petition, p. 5. This is not a ground upon which habeas relief may be granted and therefore is dismissed. To the extent he is arguing that he should have an evidentiary hearing in this court, the argument does not show a violation of his rights to due process or equal protection. To the extent he is arguing that he was improperly denied an evidentiary hearing in his state habeas proceedings, the claim fails because errors in the state post-conviction review process are not addressable through federal habeas corpus proceedings. See Ortiz v. Stewart, 149 F.3d 923, 939 (9th Cir. 1998).

Fourth, he contends that seventeen "parole conditions unrelated to petitioner's commitment offense are excessive and unconstitutional" under the First and Fourteenth Amendments of the U.S. Constitution. Amended Petition, p. 5. He contends that they are unconstitutional because they are unrelated to his shoplifting offense and no rehabilitative purpose is served by them.

Giving the pro se amended petition the liberal construction to which it is entitled, the court concludes that summary dismissal is not appropriate, except for the third claim. Respondent must file a response to the amended petition. The court earlier cautioned McClellan that a challenge to the 2006 parole revocation might be moot. At this point, the record is not sufficiently developed to allow a determination one way or another (i.e., the court cannot determine whether the petition is moot or is not moot), so the court will leave it to respondent to raise mootness or any other procedural challenge he thinks appropriate in his response to the petition.

/ / /

/ / /

3

B.   Motion For Stay

McClellan has moved for an injunction prohibiting state officials from enforcing the special conditions of parole.[1] He urges the court to enjoin enforcement not only of his particular special parole conditions that pertain to access to children but also enforcement of California Penal Code § 3003.5(b), which puts certain restrictions on sex offender registrant parolees. Section 3003.5 apparently applies to him because he is required to register as a sex offender. See Docket # 12, p. 2.

Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction or temporary restraining order ("TRO"). Prior to granting a preliminary injunction, notice to the adverse party is required. See Fed. R. Civ. P. 65(a)(1). Therefore, a motion for preliminary injunction cannot be decided until the parties to the action are served. See Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1983). A TRO may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. See Fed. R. Civ. P. 65(b). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008).

McClellan has fallen far short of making the necessary showing for interim relief. McClellan has been less than forthcoming in his presentation of the facts as he has not described in any detail the sex offense that is in his criminal history and only vaguely describes it as "a prior misconduct." Amended Memorandum Of Points And Authorities In Support of Writ And

---

[1] Although McClellan captioned his motion as a motion for a stay, the substance of the motion is a request for injunctive relief and not a stay of this action. The motion will be analyzed under the standards for granting interim relief.

4

Stay, p. 2.[2] In addition to his very poor factual showing, he does not appear to have the law on his side. Although McClellan argues otherwise, the case law does not require that parole conditions be directly tied to only the current commitment offense. Both state and federal law allow consideration of a parolee's history and character, as well as the current offense. See e.g., People v. Lent, 15 Cal. 3th 481, 486 (Cal. 1975) ("A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not itself criminal, and (3) requires or forbids conduct which is not reasonable related to future criminality.'"); United States v. T.M., 330 F.3d 1235, 1240 (9th Cir. 2003) ("The district court has wide discretion to impose conditions of supervised release. . . . That discretion is not unfettered, however; the conditions imposed are permissible only if they are reasonably related to the goal of deterrence, protection of the public, or rehabilitation of the offender" and cannot involve any greater deprivation of liberty than is reasonably necessary for the purposes of supervised release) id. ("supervised release conditions need not relate to the offense for which [the defendant] was convicted as long as they satisfy any of the conditions set forth above"); 18 U.S.C. § 4209(a)(1-2) (repealed) (U.S. Parole Commission may impose conditions of parole reasonably related to the "nature and circumstances of the offense" and the "history and characteristics of the parolee"). In short, neither state law nor federal law requires the direct tie between parole condition and current offense that McClellan contends exists. McClellan's history may be considered in choosing parole conditions within certain limits, but since his factual presentation is so woefully incomplete as to his sex offense history, the court cannot say that he has any chance of success on the merits, or that the balance of equities tips in his favor, or that an injunction prohibiting enforcement of restrictions on McClellan's access to children is in the public interest. The motion for a stay is DENIED. (Docket # 12.)

---

[2] The form that lists parole conditions states that the reasons for imposing the special conditions are McClellan's history of drug use, history of alcohol abuse, "[h]istory of predatory sexual history," and relationship of the conditions to the commitment offense and previous offense(s). Amended Petition, Exh. A, p. 4

**CONCLUSION**

For the foregoing reasons,

1. The amended petition warrants a response from respondent. The third claim in the amended petition is dismissed.

2. The clerk shall serve by certified mail a copy of this order and all the documents in the case file on respondent and respondent's counsel, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **December 24, 2009**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings or parole revocation proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the amended petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **January 29, 2010**.

5. Petitioner's motion for a stay or injunction is DENIED. (Docket # 12.)

IT IS SO ORDERED.

DATED: November 13, 2009

SUSAN ILLSTON
United States District Judge