UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY MCCLELLAN,

    Petitioner,

    v.

BEN CURRY, Warden,

    Respondent.

No. C 09-0085 SI (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

This is a federal habeas corpus action filed by a pro se state prisoner pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss the petition on grounds that the petition is moot. (See Docket No. 21.) For the reasons set forth below, respondent's motion is GRANTED and the petition DISMISSED.

## BACKGROUND

In 2003, petitioner pleaded guilty in the Kern County Superior Court to petty theft and having a prior jail term for theft, and was sentenced to three years in state prison. In 2006, he was released on parole. Later that year, parole was revoked, and petitioner was reincarcerated for violating the terms of his parole. In response to the 2006 parole revocation and sentence, Petitioner sought, though was denied, state habeas relief in his challenge to the 2006 revocation,

and the terms of his parole. This federal habeas petition followed. Here, petitioner claims that the 2006 parole revocation violated his constitutional rights in various ways stated in the amended petition. (See Order to Show Cause 2–3.) Respondent moves to dismiss the petition as moot. (Resp't's Mot. to Dismiss ("MTD") at 1.)

## DISCUSSION

### A. Mootness

Respondent contends that because petitioner has served the full sentence imposed as a result of his 2006 parole revocation, and was released following the expiration of that term,[1] that his petition is now moot. (MTD at 3.)

In January 29, 2006, petitioner was released on parole after having served his three-year prison term. (Id. at 2; Ex. B at 1.) On December 13, 2006, the parole board revoked his parole for violating a condition of his parole, and returned him to custody for twelve months. (MTD at 2; Ex. B at 1; Ex. E at 4.) Petitioner was released again on parole on December 16, 2007. (MTD at 2; Ex. B at 2.)

Unlike criminal convictions, no collateral consequences attend a prisoner's incarceration imposed for violation of parole after the sentence for the parole violation has been served. See Spencer v. Kemna, 523 U.S. 1, 14–16 (1998). In Spencer, the prisoner's petition was deemed moot because he had served the term of incarceration resulting from his parole revocation. See id. at 18. There was, therefore, no "case or controversy" to establish Article III standing. See id. at 14.

Under these legal principles, the instant petition is moot, and must be dismissed. As in Spencer, petitioner has served the term of incarceration resulting from his parole revocation, and no collateral consequences attend. Having been released from incarceration, "establishing the invalidity of his disciplinary proceeding . . . would have no effect" on the parole revocation term

---

[1] Petitioner is currently incarcerated in Kern County on a criminal charge unrelated to the instant action. (MTD at 2.)

he has served already. Nonnette v. Small, et al., 316 F.3d 872, 876 (9th Cir. 2002). Accordingly, respondent's motion to dismiss the petition as moot (Docket No. 21) is GRANTED. The petition is hereby DISMISSED with prejudice.

## CONCLUSION

Respondent's motion to dismiss the petition as moot (Docket No. 21) is GRANTED. The petition is hereby DISMISSED with prejudice.

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Clerk shall enter judgment in favor of respondent, terminate the pending motion, and close the file.

This order terminates Docket No. 21.

**IT IS SO ORDERED**.

DATED: July 19, 2010

SUSAN ILLSTON
United States District Judge